# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JARROD BLANDIN,

      Plaintiff,

v.                                         No. 1:22-cv-00228-KK

KEVIN SMITH, in his individual capacity
as a New Mexico State Police Officer,
NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,
MARC SHEA, in his individual capacity,
TIM JOHNSON, in his individual capacity,
ROBERT THORNTON, in his individual capacity,
DANIEL CHAVEZ, in his individual capacity, and
KURTIS WARD, in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed

March 28, 2022, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees

or Costs, Doc. 3, filed March 28, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or that the
> action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $3,000.00; (ii) Plaintiff's monthly expenses total $3,188.00; (iii) Plaintiff has $4.00 in cash and $3.20 in a bank account; and (iv) Plaintiff's 19-year-old son relies on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, his monthly expenses exceed his monthly income, and his son relies on Plaintiff for support.

**The Complaint**

The case arises from Plaintiff's interaction with Defendant Smith, "a NM State Police Officer ... at a DWI checkpoint." Complaint at 4, ¶ 9. Liberally construed, the Complaint states claims pursuant to 42 U.S.C. § 1983 against Defendant Smith for unlawful arrest, unreasonable search and excessive force.

> "Under the Fourth Amendment, a warrantless arrest requires probable cause." *Donahue v. Wihongi*, 948 F.3d 1177, 1189 (10th Cir. 2020) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)). Probable cause exists "if 'the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were

sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.' " *Id.* (quoting *Adams v. Williams*, 407 U.S. 143, 148, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)).

*Mglej v. Gardner*, 974 F.3d 1151, 1160  (10th Cir. 2020);  *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) ("Officers must have probable cause to initiate a search").  Defendant Smith accused Plaintiff of driving while intoxicated purportedly based solely on the smell of alcohol.  *See* Complaint at 4, ¶ 9.  Defendant Smith asked Plaintiff "why my vehicle smelled of alcohol ... Both my passenger and I stated simultaneously, 'We don't drink.' ...There was absolutely nothing that could have smelled like alcohol in our car."  Complaint at 4, ¶¶ 9-10.  Plaintiff has sufficiently alleged that Defendant Smith did not have probable cause to arrest Plaintiff for driving while intoxicated or to search Plaintiff.

> In *Graham* the Supreme Court noted three nonexclusive factors for determining whether a particular use of force was excessive: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396, 109 S.Ct. 1865. Each factor must be evaluated from the perspective of the officer on the scene. *See Henry v. Storey*, 658 F.3d 1235, 1239 (10th Cir. 2011); *see also Thomson*, 584 F.3d at 1319. Although the first and third factors can be particularly significant in a specific case, the second factor—whether there is an immediate threat to safety—"is undoubtedly the most important ... factor in determining the objective reasonableness of an officer's use of force." *Pauly v. White*, 874 F.3d 1197, 1216 (10th Cir. 2017) (internal quotation marks omitted).

*Estate of Valverde by and through Padilla v. Dodge*, 967 F.3d 1049, 1060-61 (10th Cir. 2020).

Plaintiff alleges:

> As I was exiting the car, Officer Smith did not move out of the way of my car door but rather he stepped in closer making it hard for me to exit.  He then reached to shove my door shut in an angry gesture, intentionally hitting my shoulder with his hand as he reached for the car door ... Officer Smith pushed me physically, I planted my feet and I told him to keep his hands off of me, but then he grabbed my arm and pulled me to him and then pushed me away, knocking me off balance.  He then grabbed me by the waist and threw me to the ground as hard as he could ... I began yelling back, "I'm not resisting!" ... I was led to a car, my

3

> face smashed into the corner where the door opens with bodily force on top of me
> and I was told to get into the car.
> ....
> Several times [while driving with Plaintiff in the car] [Officer Smith] jerked the
> wheel overly forcefully, intentionally causing me to slam forcefully into the
> interior of the police cruiser door.

Complaint at 6-9, ¶¶ 12-19.  Plaintiff also alleged that he was following Defendant Smith's commands.  *See* Complaint at 7, ¶ 13.  Plaintiff has sufficiently alleged Defendant Smith used excessive force because Plaintiff's allegations show that Plaintiff did not pose an immediate threat to the safety of the officers and was not actively resisting arrest when Defendant Smith threw Plaintiff to the ground and smashed his face into the corner of the car door.

When identifying the other individual parties to this case, the Complaint states Defendants Shea, Johnson, Thornton, Chavez, Ward and Ramirez "were aware of Defendant Smith's lack of training and history of unlawful seizures and excessive use of force[,] neglected to intervene and nonetheless assigned him law enforcement duties on behalf of the New Mexico State Police and the New Mexico Department of Public Safety."  Complaint at 3, ¶ 8; *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

The Complaint fails to state a claim against Defendants Shea, Johnson, Thornton, and Ramirez because there are no factual allegations in the Complaint regarding Defendants Shea, Johnson, Thornton, and Ramirez.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

4

The Complaint fails to state a claim against Defendant Chavez because it does not identify the specific legal right Plaintiff believes Defendant Chavez violated.   The factual allegations regarding Defendant Chavez indicate only that Chavez "identified himself as a supervisor," "just disengaged with me, allowing Officer Smith to continue antagonizing me," "asked me to get out of the car or he would have me removed," "did nothing" when Plaintiff "was hoping that Officer Chavez would say something and stop Officer Smith's aggression," and "told Officer Smith to 'be careful.'"   Complaint at 5-6, 9.

The Complaint fails to state a claim against Defendant Ward because it does not indicate the specific legal right that Plaintiff believes Defendant Ward violated.   The factual allegations regarding Defendant Ward indicate only that Ward "held up his hand in the 'stop' position signaling to [O]fficer [S]mith to back down ... but then Officer Ward became aggressive ... stated very threateningly, 'You haven't seen aggressive,'" and "was trying to expedite Taser deployment." Complaint at 7-8.

It appears that Plaintiff may be asserting that Defendants Chavez and Ward failed to intervene during Plaintiff's arrest.   "[A]n officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983 ... But the officer must have had a realistic opportunity to intervene to prevent harm from occurring." *Savannah v. Collins*, 547 Fed.Appx. 874, 876 (10th Cir. 2013) (citations omitted); *Mascorro v. Billings*, 656 F.3d 1198, 1204 n.5 (10th Cir. 2011) ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance").   Plaintiff alleges:

> [Defendant] Smith pushed me physically ... grabbed my arm and pulled me to him and then pushed me away, knocking me off balance.  He then grabbed me by the waist and threw me to ground as hard as he could ... Two officers were on top of my body, which was in a very awkward position, and I was handcuffed.  I kept

> telling them to stop hurting me, and they kept saying they were professionals and
> were not hurting me, but I was in a lot of pain ... I was led to a car, my face
> smashed into the corner where the door opens with bodily force on top of me.

Complaint at 8-9, ¶¶ 14-15.   The Complaint does not allege which officers were present or
whether they had a realistic opportunity to intervene to prevent him from being thrown to the
ground and his face from being smashed into the corner of the car door.

It is also not clear which, if any, of the claims are asserted against Defendants Shea,
Johnson, Thornton, Chavez, Ward and Ramirez because none of the claims refer to them by
name.  *See* Complaint at 13 (Count I); at 14 (Count II); at 16 (Count III); at 18 (Count IV); at 19
(Count V); at 20 (Count VI). A complaint must "give the defendant fair notice of what the . . .
claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
(2007).

**Defendant New Mexico Department of Public Safety**

Plaintiff asserts claims against Defendant New Mexico Department of Public Safety for
failure to train and for unconstitutional customs and policies pursuant to 42 U.S.C. § 1983.

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing
suit against a state in federal court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).
There are "two primary circumstances in which a citizen may sue a state without offending
Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment
immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be
sued."  *Id.* at 1181.  It appears that neither exception applies in this case.  "First, the United
States Supreme Court has previously held that Congress did not abrogate states' Eleventh
Amendment immunity when it enacted 42 U.S.C. § 1983."  *Id.* (*citing Quern v. Jordan,* 440 U.S.
332, 345 (1979)).  Second, it appears the State of New Mexico has not waived its Eleventh

Amendment immunity in this case.  *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits").

Plaintiff alleges that "New Mexico Governor Michelle Lujan Grisham signed the New Mexico Civil Rights Act – also known as House Bill 4" on April 7, 2021, and that under the Act "a person has the right to sue the state ... when their rights under the state's constitution have been violated."  Complaint at 20, ¶¶ 54, 56.  The Act states:

> The state shall not have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M. Stat. Ann. § 41-4A-9, Waiver of sovereign immunity.

It appears that Plaintiff's reliance on the statute waiving New Mexico's sovereign immunity is futile.  First, the waiver did not become effective until July 1, 2021.  Plaintiff's cause of action arose "on or about May 7, 2021."  Complaint at 2, ¶ 1.  Plaintiff has not shown that the waiver applies retroactively.  Second, New Mexico's waiver of sovereign immunity for claims brought pursuant to the New Mexico Civil Rights Act "is limited to actions commenced in 'any New Mexico district court.'"  *Valdez v. Grisham*, --F.Supp.3d--, 2021 WL 4145746 *11 (D.N.M. Sept. 13, 2021) (Vázquez, J.)  (quoting N.M. Stat. Ann. § 41-4A-3); N.M. Stat. Ann. § 41-4A-3.B ("A person who claims to have suffered a deprivation of any rights ... pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the scope of the authority of a public body may maintain an action to establish liability ... *in any New Mexico district court*") (emphasis added).

Even if the New Mexico Department of Public Safety were not immune from suit in this Court, Plaintiffs claims for failure to train and for unconstitutional customs and policies would be subject to dismissal for failure to state a claim.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 773 (10th Cir. 2013) (quoting City of Canton, 489 U.S. 378, 388 (1989)). Plaintiff only makes the conclusory allegation that the "training policies of the Defendant, New Mexico Department of Public Safety were not adequate to train its police officers." Complaint at 16, ¶ 42. Claims that are "supported by mere conclusory statements, do not suffice." *Ahscroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). There are no factual allegations showing that the failure to train amounted to deliberate indifference to the rights of persons with whom the police come into contact.

"To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). Plaintiff makes the conclusory allegation that Defendant New Mexico Department of Public Safety deprived Plaintiff of his civil rights "by knowingly maintaining, enforcing and applying an official recognized custom, policy, and practice of allowing officers to engage in." Complaint at 14, ¶ 38. There are, however, no factual allegations regarding the policies or customs of Defendant New Mexico Department of Public Safety.

**Proceedings *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

Plaintiff has stated claims against Defendant Smith but has failed to state claims against the other Defendants.  The claims against the other Defendants can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim.  The Court grants Plaintiff an opportunity to amend his Complaint to state claims against the other Defendants.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) a motion for service which includes the address of each Defendant.

**Notice**

The Court notifies Plaintiff, who is proceeding *pro se*, of the following:

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure*

and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 28, 2022, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of claims as discussed above.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**