# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JARROD BLANDIN,

    Plaintiff,

vs.      Civ. No. 22-228 LF/KK

KEVIN SMITH, *et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR STAY OF DISCOVERY

THIS MATTER comes before the Court on State Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of State Defendants' Motion for Partial Summary Judgment No. I Based on Qualified Immunity, and Other Dispositive Motions ("Motion"), filed December 18, 2022. (Doc. 38.) Plaintiff filed a Response in Opposition on January 3, 2023. (Doc. 44.) Defendants filed a Reply in Support of their Motion on January 12, 2023. (Doc. 50.) The Court, having reviewed the parties' submissions and the relevant law, finds that Defendants' Motion is well taken and should be GRANTED.

State Defendants seek a stay of discovery pending resolution of their Motion for Partial Summary Judgment No. I: Dismissal of Counts I and II of Plaintiff's Amended Complaint (Doc. 35), in which the individual Defendants assert qualified immunity defenses. (Doc. 35 at 18-27.) "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' The privilege is 'an immunity from suit rather than a mere defense to liability[.]'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the

burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotation marks and brackets omitted). Thus, when a defendant asserts the defense of qualified immunity on a motion to dismiss, the district court should generally stay discovery until the immunity issue is resolved. *Workman,* 958 F.2d at 336.

Plaintiff opposes a stay of discovery, arguing that a stay will prejudice him and that allowing discovery to proceed during the pendency of the qualified immunity motion will enable him to determine whether he needs to file an amended complaint and give him insight into which claims "are worth pursuing in this matter." (Doc. 44 at 3–4.) He asserts that in discovery he will seek "evidence such as Defendant Kevin Smith having a long history of repeat offenses ranging from questionable search and seizures to targeting members of the community with disabilities and escalating those cases to violent encounters without justification" and that this evidence "may certainly have a material impact on [his] responses to summary judgment." (*Id*. at 1.)

The Court finds a stay of discovery is warranted here. While it is true that the Court may allow discovery when a qualified immunity defense turns on a factual question, Plaintiff has failed to demonstrate how specific discovery will enable him to rebut the individual Defendants' qualified immunity arguments or that the Court will be unable to resolve the qualified immunity question without further clarification of the facts. Instead, Plaintiff has identified the type of "overly broad" discovery "designed to flesh out the merits of [his] claim," against which qualified immunity acts as a shield. *Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989) (quotation marks omitted). In addition, he has not submitted an affidavit pursuant to Federal Rule of Civil Procedure

56(d)(2) showing that he cannot present facts essential to his opposition to Defendants' qualified immunity assertion. *See* Fed. R. Civ. P. 56(d)(2); *see also Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (opposing party's Rule 56 affidavit "need not contain evidentiary facts, [but] it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.") (referring to Rule 56(f), which was recodified as Rule 56(d) by amendments effective December 1, 2010) (quotation marks omitted). And, as State Defendants have pointed out, Plaintiff's claims arise from an incident that was captured on contemporaneous video recordings lodged with the Court in conjunction with Defendants' qualified immunity motion. In short, Plaintiff has not demonstrated that the discovery he seeks will further clarify facts essential to the Court's ruling on the individual Defendants' qualified immunity defenses raised in the summary judgment motion.

To preserve the benefits of the qualified immunity defenses raised and to minimize costs, discovery in this matter will be stayed pending the disposition of State Defendants' Motion for Partial Summary Judgment No. I: Dismissal of Counts I and II of Plaintiff's Amended Complaint (Doc. 35). However, should Plaintiff have a good faith basis to believe that specific discovery on the issue of qualified immunity is necessary, he may file an affidavit pursuant to Federal Rule of Civil Procedure 56(d).

IT IS THEREFORE ORDERED that State Defendants' Motion (Doc. 38) is GRANTED. Discovery in this case is STAYED until State Defendants' Motion for Partial Summary Judgment No. I: Dismissal of Counts I and II of Plaintiff's Amended Complaint (Doc. 35) is decided.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE