IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD BLANDIN,

    Plaintiff,

v.                                                                     1:22-cv-00228-LF-KK

KEVIN SMITH, in his individual capacity
as New Mexico State Police Officer,
NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,
DANIEL CHAVEZ, in his individual capacity,
GREGORY RAMIREZ, in his individual capacity, and
KURTIS WARD, in his individual capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**
**AND DISMISSING COUNTS V, VI, AND VII WITHOUT PREJUDICE**

THIS MATTER comes before the Court on defendants the New Mexico Department of Public Safety's ("NMDPS"), New Mexico State Police ("NMSP") Officer Kevin Smith's, NMSP Lieutenant Daniel Chavez's, NMSP Officer Gregory Ramirez's, and NMSP Sergeant Kurtis Ward's (collectively "defendants") Motion for Partial Summary Judgment No. II: Dismissal of Counts V, VI, and VII of Plaintiff's Amended Complaint, filed on December 18, 2022.  Doc. 37. Plaintiff Jarrod Blandin filed his response on January 3, 2023.  Doc. 43.  Defendants filed their reply on January 12, 2023.  Doc. 49.  Having read the submissions of the parties and reviewed relevant law, the Court finds that the motion is well taken in part and GRANTS it in part.

This case arises from Mr. Blandin's encounter with NMDPS officers at a DUI check point on May 7, 2021.  Doc. 8 at 18.  Mr. Blandin was arrested by Officer Smith and was charged with resisting, evading or obstructing an officer in violation of N.M. STAT. ANN. § 30-

22-01(D) and Albuquerque City Code § 12-2-19.  On November 29, 2021, Mr. Blandin was found guilty.  Mr. Blandin appealed his conviction; the outcome of the appeal is not clear to the Court, nor is it relevant.

In his amended complaint, Mr. Blandin brought federal claims under 42 U.S.C. § 1983 for a violation of his constitutional rights, alleging that the officers' conduct during the encounter violated his Fourth and Fourteenth Amendment rights (Counts I–II), and that NMDPS is liable for its unconstitutional custom or policy, and for failing to train and supervise its officers (Counts III–IV).  Doc. 8 at 26–31.  Mr. Blandin also brings claims based on "New Mexico Common Law," including that Officer Smith failed to render him aid (Count V), that Officer Smith and NMDPS caused him emotional distress (Count VI), and that Officer Smith and NMDPS committed battery (Count VII).  *Id.* at 26–34.  Mr. Blandin seeks a declaration that defendants' acts constituted a violation of his Fourth and Fourteenth Amendment rights, and an award of compensatory damages for injuries he sustained, including medical costs, pain, suffering, humiliation, and emotional distress.  *Id*. at 35.  He further seeks an award of punitive and exemplary damages, pre-judgment and post-judgment interests, costs and reasonable expenses, and attorney's fees and costs.  *Id*.

On December 18, 2022, defendants filed their Motion for Partial Summary Judgement No. II, seeking the dismissal of Mr. Blandin's state law claims (Counts V, VI, and VII).  Doc. 37.  Defendants make several arguments in favor of dismissal, and they also request attorney's fees.  *Id*.  The Court will not address the merits of defendants' arguments because it declines to exercise supplemental jurisdiction over Mr. Blandin's state law claims.

Federal courts are "courts of limited jurisdiction."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Federal courts have the authority to hear controversies

arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.  *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1367(a).  Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

"When all federal claims have been dismissed, [however,] the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)).  The Supreme Court has recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers*, 383 U.S. at 726.  A district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction.'"  *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished).  District courts usually should decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies.  *See Armijo v. New Mexico*, 2009 WL 3672828, at *4 (D.N.M. 2009) (unpublished) ("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.").

In separate memorandum opinions and orders, the Court dismissed Mr. Blandin's claims brought pursuant to 42 U.S.C. § 1983 against the New Mexico Department of Safety and the

3

individual officers.  Docs. 65, 66.  Therefore, all the claims over which this Court has original jurisdiction have been dismissed with prejudice.  *Id*.  As all federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over Mr. Blandin's state law claims.

Because the Court declines to exercise its supplemental jurisdiction under these circumstances, the Court instead will enter final judgment dismissing Mr. Blandin's state law claims without prejudice.  The dismissal should not prejudice Mr. Blandin given that "[t]he [state] period of limitations for any claim asserted under [supplemental jurisdiction] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed . . . ."  28 U.S.C. § 1367(d); *see also Gathman-Matotan Architects and Planners, Inc. v. State, Dept. of Finance and Admin., Property Control Div.*, 1990-NMSC-013, ¶10, 109 N.M. 492, 494, 787 P.2d 411, 413 ("the Court in *Bracken [v. Yates Petroleum Corp.*] clearly applied the principle that . . . the filing of an action later dismissed without prejudice for reasons such as . . . a federal court's discretionary refusal to entertain pendent jurisdiction tolls the statute of limitations applicable to the claim") (citing *Bracken v. Yates Petroleum Corp.*, 1988-NMSC-072, ¶¶ 9–13, 107 N.M. 463, 465–66, 760 P.2d 155, 157–58).  In other words, Mr. Blandin will have the opportunity to pursue his state law claims in state court, if he chooses.

IT IS THEREFORE ORDERED that the NMDPS's, NMSP Officer Kevin Smith's, NMSP Lieutenant Daniel Chavez's, NMSP Officer Gregory Ramirez's, and NMSP Sergeant Kurtis Ward's Motion for Partial Summary Judgment No. II: Dismissal of Counts V, VI, and VII of Plaintiff's Amended Complaint, filed on December 18, 2022, (Doc. 37) is GRANTED in part.

Counts V, VI, and VII are dismissed without prejudice.  Defendants' request for attorney fees (Doc. 37 at 16) is denied.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent