IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD BLANDIN,

    Plaintiff,

v.                                                                                 1:22-cv-00228-LF-KK

KEVIN SMITH, in his individual capacity
as New Mexico State Police Officer,
NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,
DANIEL CHAVEZ, in his individual capacity,
GREGORY RAMIREZ, in his individual capacity, and
KURTIS WARD, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING <u>MOTION TO POSTPONE</u>

THIS MATTER comes before the Court on plaintiff Jarrod Blandin's untitled motion to postpone filed on February 3, 2023. Doc. 56. Defendants filed their response on February 14, 2023. Doc. 58. Mr. Blandin did not file a reply and the time to do so has now passed.[1] Having read the submissions of the parties, the Court finds that the motion is not well taken and will deny it.

Mr. Blandin is a pro se litigant, and the Court therefore reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Liberally construing Mr. Blandin's motion, it appears he is asking the Court to delay adjudication of defendants' dispositive motions until after February 24, 2023 (presumably). Doc. 56. Mr. Blandin also

---

[1] "A reply must be served and filed within fourteen (14) calendar days after service of the response." D.N.M.LR-Civ. 7.4 (a).

purports to submit his response to defendants' motion for a stay of discovery and asks for a partial stay that would allow discovery on Officer Kevin Smith. *Id.* Next, he asks that the Court consider the affidavit of Vicki Gonzalez. *Id.* For the following reasons, the Court denies the motion.

    A.  <u>Mr. Blandin's request for a delay of adjudication is moot</u>.

Mr. Blandin requests that the Court postpone adjudication of defendants' dispositive motions until after a February 24, 2023, hearing in the second judicial district court. Defendants filed three dispositive motions in this case: a motion to dismiss New Mexico Department of Public Safety (NMDPS) (Doc. 29); their motion for partial summary judgment I (Doc. 35); and their motion for partial summary judgment II (Doc. 37). The motions were fully briefed in January of 2023. Docs. 46, 48, 54. It is currently past February 24, 2023, and the Court has not adjudicated the dispositive motions. Consequently, Mr. Blandin's request for the Court to delay adjudication of the dispositive motions is moot.[2]

    B.  <u>Mr. Blandin's response to defendants' motion to stay is moot</u>.

Mr. Blandin asserts that his motion "also replies to State defendants['] motion for stay of discovery," and requests discovery on Officer Kevin Smith. Doc. 56. This request is untimely and also is moot. Defendants moved to stay discovery on December 18, 2022. Doc. 38. Mr. Blandin responded to defendants' motion and had an opportunity to present his arguments against a stay of discovery. Doc. 44. Nevertheless, Judge Khalsa found that the motion to stay was well taken and granted the motion, prohibiting all discovery until the motion for partial summary judgment I, based on qualified immunity, was decided. Doc. 53. Mr. Blandin's reply to the motion is now moot as the motion has already been decided by the Court.

---

[2] On September 29, 2023, Mr. Blandin filed a motion requesting an extension of time to respond to the Court's order directing the parties to clarify the outcome of the hearing that occurred on February 24, 2023. Doc. 64. The Court will deny that motion because the Court was able to decide the pending motions without reference to the outcome of the state case.

If Mr. Blandin thought that discovery was necessary to respond to defendants' motions for summary judgment, the mechanism for requesting additional discovery is provided for in FED. R. CIV. P. 56(d).  Pro se parties must "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted).  Mr. Blandin did not make a request pursuant to Rule 56(d) in his response to the motions for summary judgment, and the time to do so has now passed.

    C.  <u>Vicki Gonzalez's affidavit does not meet the requirements of FED. R. CIV. P. 56(c)(4)</u>.

Mr. Blandin asks the Court to consider Ms. Gonzalez's affidavit which appears to be filed as Doc. 57.  Doc. 56.  Mr. Blandin does not specify the purpose he is submitting Ms. Gonzalez's affidavit and in what context he would like the Court to consider it.  Regardless, the Court will not consider Ms. Gonzalez's affidavit in any context because it fails to meet the requirements for affidavits.  Federal Rule of Civil Procedure 56(c)(4) states:

> *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

In her affidavit, Ms. Gonzalez discusses Mr. Blandin's interaction with the police and his criminal trial.  Ms. Gonzalez was not present during Mr. Blandin's interaction with the police.  Instead, her statements are based on what Mr. Blandin told her and what she saw on the body-worn camera video tapes.  Ms. Gonzalez does not have personal knowledge of the interaction and can only provide her interpretation of the evidence.  She has no personal knowledge of the events.  The factfinder, whether it is the Court or a jury, is able to interpret the evidence without Ms. Gonzalez's opinions.

Regarding Ms. Gonzalez's observation of Blandin's criminal trial, whether Ms. Gonzalez believes that Mr. Blandin's criminal trial was fair is not an issue in this case.  Any testimony about the proceedings in state court is irrelevant to the proceedings in this Court and is not inadmissible.

IT IS THEREFORE ORDERED that plaintiff Jarrod Blandin's untitled motion to postpone filed on February 3, 2023 (Doc. 56), is DENIED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent

4