IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD BLANDIN,

     Plaintiff,

v.                                                                          1:22-cv-00228-LF-KK

KEVIN SMITH, in his individual capacity
as New Mexico State Police Officer,
NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,
DANIEL CHAVEZ, in his individual capacity,
GREGORY RAMIREZ, in his individual capacity, and
KURTIS WARD, in his individual capacity,

     Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLIANTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER comes before the Court on plaintiff Jarrod Blandin's Motion for

Reconsideration, filed on October 20, 2023. Doc. 74. Before Mr. Blandin's motion was fully

briefed, he filed a notice of appeal to the Tenth Circuit Court of Appeals. Doc. 75. The Tenth

Circuit subsequently issued an order abating the appeal until this Court rules on the motion for

reconsideration. Doc. 78. The Court ordered defendants to respond no later than November 3,

2023, and that Mr. Blandin could file an optional reply no later than November 17, 2023. Doc.

79. Defendants filed their response to Mr. Blandin's motion on November 3, 2023. Doc. 80.

Mr. Blandin filed a second "motion for reconsideration" on November 16, 2023, that the Court

construes as his reply. Having read the parties' briefing and being fully advised in the premises,

the Court finds that the motion is not well taken and DENIES it.

**I.** **Legal Standard**

A motion for reconsideration is not recognized by the Federal Rules of Civil Procedure. *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir.1992).  If a motion to reconsider is filed after an entry of judgment, it "may be construed in one of two ways: if filed within [28] [1] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); *see also Chandhok v. Companion Life Ins. Co.,* 555 F. Supp. 3d 1092, 1111 (D.N.M. 2021) ("If the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints.").  Because Mr. Blandin filed his Motion for Reconsideration 20 days after the entry of the judgment, the Court will analyze it under Rule 59.[2]

A motion for reconsideration is an "inappropriate vehicle [ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2008) (finding district court did not abuse its discretion in denying motion for reconsideration on basis that "considerations of fairness and judicial economy outweigh[ed] the Plaintiffs' interest in getting a second (or third) bite at the summary judgment apple"); *Otero v.*

---

[1] Rule 59 was amended in 2009 to extend the time for filing motions to alter or amend a judgment: now, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

[2] Mr. Blandin filed his motion for reconsideration within 28 days after the entry of the judgment. The Court entered final judgment on September 30, 2023.  Doc. 73.  Mr. Blandin filed his motion on October 20, 2023, Doc. 74, a difference of 20 days.

*Nat'l Distrib. Co., Inc.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

## II.   Discussion

In this case, Mr. Blandin does not contend that there has been an intervening change in the controlling law, nor does he present new evidence previously unavailable, nor does he argue that this Court committed clear error. *See generally* Doc. 74. Instead, Mr. Blandin presents facts "under penalty of perjury" that he contends dispute several material facts set forth in defendants' Motion for Partial Summary Judgment No. 1 (Doc. 35). *Id*. These facts, however, were available to him when he first responded to defendants' motion. *See Servants of Paraclete*, 204 F.3d at 1012 (motion for reconsideration is not an appropriate vehicle to present supporting facts that were available at the time of the original motion). In ruling on defendants' Motion for Summary Judgment No. 1, the Court found that Mr. Blandin had failed to properly dispute any of the undisputed material facts set forth by defendants, and it adopted the defendants' statement of the facts. Doc. 66 at 4–8. Mr. Blandin makes no claim that the Court committed clear error in doing so. *See generally* Doc. 74. In his motion for reconsideration, Mr. Blandin simply attempts to add facts and make new arguments, all of which were available to him when he originally filed his response. *See generally id*. Similarly, Mr. Blandin's reply is replete with new facts and

new arguments that were available to him when he first responded to defendants' motion. *See generally* Doc. 81.  Mr. Blandin cites no case law or other authority that supports his position that the Court should alter or amend its judgment under Rule 59.  *See generally* Docs. 74, 81. The Court therefore denies Mr. Blandin's motion.

IT IS THEREFORE ORDERED that plaintiff Jarrod Blandin's Motion for Reconsideration, filed on October 20, 2023 (Doc. 74) is DENIED.

Laura Fashing
United States Magistrate Judge
Presiding by Consent